IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEANNE M. LOGUE,** *et al.*,

    Plaintiffs,        Case No. 2:05-cv-132
v.               JUDGE GREGORY L. FROST
                  Magistrate Judge Mark R. Abel
**SIESTA 4-RENT,** *et al.*,

    Defendants.

## OPINION AND ORDER

In this diversity of citizenship action, Plaintiffs are seeking damages for breach of contract and negligence for Defendants' alleged failure to properly maintain a pool at a Florida vacation rental property. This matter is before the Court on three motions to dismiss for lack of personal jurisdiction and improper venue: Defendant Lynn Alan Walker's March 22, 2003 motion (Doc. # 2), Defendant Siesta 4-Rent's April 7, 2005 motion (Doc. # 4), and Defendant Frank E. McGuire's April 12, 2005 motion (Doc. # 6).

Defendants argue that Ohio is an improper venue because none of the defendants reside there and because a substantial part of the events giving rise to Plaintiffs' claims did not occur there. They also argue that Ohio's long-arm statute does not reach them because they did not have sufficient minimum contacts with Ohio to establish personal jurisdiction. For the reasons set out below, the Court finds the motions to dismiss well taken.

### I. Background

Plaintiffs are Jeanne Logue and six minor children ranging in ages from 6 to 13.[1] All of the plaintiffs reside in Baltimore, Ohio. In 2004, Logue began using the Internet to find vacation rental property on Siesta Key in Sarasota, Florida. She found a rental company, Defendant Siesta 4-Rent, that was in the business of renting property in the Siesta Key area. Logue and Siesta 4-Rent then communicated with each other by phone, and in March 2004, Logue contracted with Siesta 4-Rent for the rental of two properties for the week of July 17, 2004 to July 24, 2004. (Doc. # 1, Compl., ¶ 4.) The two rental contracts were mailed to Logue at her Ohio home, where she signed them and mailed them back to Florida.

The Complaint maintains that on July 17, all seven Plaintiffs used the pool at the rental property, and as a result, they developed ear infections and other bodily injuries. (Doc. # 1, Compl., ¶ 10.) Plaintiffs do not specify what other types of bodily injuries they developed. However, they maintain that because of these injuries, they incurred pain and suffering, emotional trauma, physical trauma, and medical, pharmaceutical, and prescription charges. (Doc. # 1, Compl., ¶¶ 12 and 20.)

In total, Plaintiffs have named four Defendants: Lynn Alan Walker, Frank E. McGuire, Siesta 4-Rent, and Bluemans Affordable Pool Service. Defendants Walker and McGuire are the owners of the Florida rental property and are Illinois residents. (Doc. # 1, Compl., ¶ 7.) Although they were aware that their property was being rented to an Ohio resident for a week in July, they had no contact with Plaintiffs; at no time did Walker or McGuire, talk with Plaintiffs or correspond with them by email.

---

[1] The other named Plaintiffs are Zachary Logue, Meghan V. Logue, Brandon Logue, Matthew Fee, Thomas Fee, and Ryan Poole. Each child is a relative of Jeanne Logue; she brings this action on their behalf as next of friend.

Bluemans Affordable Pool Service is a Florida corporation and was allegedly responsible for providing services and maintenance to the rental properties' swimming pool.[2] (Doc. # 1, Compl., ¶ 8.) Bluemans Affordable Pool Service did not have any contact with Plaintiffs. The company, however, has not moved for dismissal.

The Complaint states that Defendants "breached the express and implied covenants of the Rental Agreement . . . by failing to maintain the swimming pool . . . in a safe and usable condition." (Doc. # 1, Compl., ¶ 16.) Plaintiffs also claim that Defendants "were negligent in maintaining and treating the swimming pool." (Doc. # 1, Compl., ¶ 19.)

## II. Discussion

### A. Dismissal for Lack of Personal Jurisdiction

A plaintiff has the burden of showing personal jurisdiction when there is a motion to dismiss for a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). "In diversity cases, the federal court applies the law of the forum state in which it sits to determine if personal jurisdiction is appropriate." *Rabiroads v. DFK Leasing Co., Inc.,* 68 F. Supp. 2d 850, 852 (N.D. Ohio 1999). When there is a motion to dismiss for lack of personal jurisdiction and no hearing is conducted, "the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. To defeat such a motion, the plaintiff need only make a *prima facie* showing of jurisdiction." *Rothschild Berry Farm v. Serendipity Group, LLC,* 84 F. Supp. 2d 904, 905 (S.D. Ohio 1999) (punctuation omitted) (citation omitted).

A court may exercise personal jurisdiction if the state's long-arm statute reaches the

---

[2] Although the complaint does not specify, the facts alleged suggest that the two rental properties shared a single swimming pool.

defendants and the exercise of jurisdiction comports with federal due process. *Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996). In some states, the long-arm statute reaches as far as due process permits. *Rabiroads*, 68 F. Supp. 2d at 852. However, the Ohio Supreme Court has determined that Ohio's long-arm statute is not co-extensive with due process, and therefore, determining the existence of personal jurisdiction requires analysis under both Ohio's long-arm statute and federal due process. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235, 638, N.E.2d 541, 543, (1994); *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998).

**1. Ohio's Long-Arm Statute**

Ohio's long-arm statute provides:

**Personal jurisdiction**

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

> (B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state. As used in this division, "principal" and "sales representative" have the same meanings as in section 1335.11 of the Revised Code.
> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev. Code § 2307.382.

Plaintiffs do not state what subsection of § 2307.382 upon which they rely to obtain long-arm jurisdiction over Defendants. Defendants McGuire and Walker are Illinois residents who have no known contact with Ohio or with Plaintiffs. Their only connection with Plaintiffs' claims are that they own property in Florida that Plaintiffs rented through a Florida rental property company. Defendant Bluemans Affordable Pool Service has no known connection with Ohio or with Plaintiffs. Its only connection with Plaintiffs' claims is that it serviced and maintained the rented properties' swimming pool. Because these Defendants do not own property in Ohio and Defendants have not transacted any business, supplied any goods, or caused any injury in Ohio, there is no subsection of § 2307.382 that would effect long-arm jurisdiction over them. Perhaps the closest subsection would be § 2307.382(A)(4), but these Defendants did not cause any tortious injury in Ohio. The alleged tortious injury occurred in Florida where the children contracted ear infections. Some damages for those injuries may have a connection to Ohio–the medical bills were incurred here–but the statute focuses on where the tortious injury occurred. Moreover, these Defendants do not regularly solicit business in Ohio, engage in a persistent course of conduct here, or derive substantial revenue from goods used, goods consumed, or services rendered here.

The subsections that might arguably be closest to Defendant Siesta 4-Rent's conduct are §§ 2307.382(A)(1) and (A)(4). For the same reasons set out above relating to the other three Defendants, § 2307.832(A)(4) does not confer long-arm jurisdiction over Siesta 4-Rent. Plaintiffs might argue that Siesta 4-Rent was transacting business in Ohio by operating its website, communicating with Jeanne Logue by telephone, and sending her written contracts for the Florida rentals. However, it is unlikely that Siesta 4-Rent's conduct was sufficient to establish jurisdiction.

For example, in *Premium Balloon Accessories, Inc. v. Control Plastics*, 113 Fed. Appx. 50, 51, 2004 WL 1922165 (6th Cir. Aug. 24, 2004), the plaintiff brought a trade-dress infringement complaint against the defendant. The defendant operated an Internet site that was accessible to Ohio users. The complaint alleged that between 1999 and 2002 the defendant had derived over $9,000 in revenue from Ohio customers. *Id.* The defendant's website was not fully interactive: only a limited amount of information was available, and although product order forms could be downloaded from the website, no orders could be placed over the Internet. *Id.* Moreover, the defendants did not have an office or phone number in the state of Ohio. *Id.* The trial court held that there was not long-arm jurisdiction under Ohio Rev. Code §§ 2307.382(A)(1) and (A)(4), and, alternatively, that if there were jurisdiction under Ohio's long-arm statute, it would not comport with due process. *Id.*

In this case, the facts appear to be very similar to those in *Premium Balloon*. Although Siesta 4-Rent's Internet site was accessible to Ohio residents, Plaintiffs have not claimed that it was an interactive website. Moreover, Plaintiffs have failed to articulate on what basis Ohio's long-arm statute reaches the other three Defendants. Assuming that Ohio's long-arm could reach

these Defendants, this Court's exercise of personal jurisdiction would still have to comport with the limits of federal due process.

**2. Federal Due Process**

The Sixth Circuit has recognized that businesses operated over the Internet remain "entitled to the protection of the Due Process Clause, which mandates that potential defendants be able 'to structure their primary conduct with some minimum assurance as to where the conduct will and will not render them liable to suit.'" *CompuServe Inc., v. Patterson,* 89 F.3d 1257,1262 (6th Cir. 1996) (quoting *World-Wide Volkswagen, Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The overriding consideration is whether the "nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Id.* at 1263. This Circuit uses a three-part test to determine if an exercise of personal jurisdiction comports with due process: (1) "the defendant must purposely avail himself to the privilege of conducting activities within the forum state"; (2) "the cause of action must arise from the defendant's activities there"; and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair." *Rothschild Berry Farm,* 84 F. Supp 2d at 908.

"[W]hether a defendant has purposely availed itself of the privilege of doing business in the forum state is 'the sine qua non for in personam jurisdiction.'" *Id.* (quoting *S. Mach. Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381-82 (6th Cir. 1968)).

> The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state "proximately result from actions by defendant himself that create a 'substantial connection' with the forum State,' and when the

>defendant's conduct and connection with the forum are such the 'he should reasonably anticipate being haled into court there.'"

*Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (quoting *World Wide Volkswagon Corp.*, 444 U.S. at 297)).  However, a defendant may establish sufficient contact with the forum state even though he has not been physically present in the forum.  *Id.*  Sufficient minimum contact can be established by soliciting business through the mail, using radio advertisements in the state, and by advertising in newspapers and magazines that are sent into the forum state.  *Id.*  Moreover, depending on the situation, jurisdiction may be founded on specific or general contacts with the forum.  *CompuServe*, 89 F.3d at 1263.

In *Rothschild*, the plaintiff argued that the court should exercise personal jurisdiction over the defendant, a non-Ohio resident, because the defendant operated a website from which Ohioans could order.  *Rothschild Berry Farm,* 84 F. Supp 2d at 908-09.  To determine whether the defendant's Internet site established the necessary contacts for jurisdiction, the court looked at the spectrum of Internet cases available.  On one end are cases where the defendants merely operated passive websites in that information was available but the site was not interactive.  *Id*.  On the other extreme were cases like *CompuServe*.

In *CompuServe*, the defendant, a Texas resident, marketed "shareware" through CompuServe, an Ohio-based company.  *CompuServe*, 89 F.3d at 1260.  The shareware was marketed and distributed through CompuServe's interactive website.  CompuServe brought suit in Ohio against the defendant.  *Id.* at 1261.  The court determined that there were sufficient contacts with Ohio to establish personal jurisdiction: "There is no question that [the defendant] took actions that created a connection with Ohio."  *Id.* at 1264.  Specifically, he entered into an

ongoing relationship with an Ohio company that advertised and sold his products all over the country.  The defendant should have been aware that he could be haled into court in Ohio if any disputes arose with regard to this relationship.  *Id.* at 1264-65.  The court also noted that the defendant had entered into contracts with CompuServe.  These contracts stated that they were to be construed according to Ohio law.  However, the court recognized that "merely entering into a contract with CompuServe would not, without more, establish [that the defendant had] minimum contacts with Ohio."  *Id.* at 1265.  The courts should look for an ongoing relationship rather than a "one-shot affair."  *Id.*

In this case, there are a number of difficulties with establishing personal jurisdiction over the four defendants.  Defendants have not been physically present within the state of Ohio.  Defendants Walker and McGuire have not had any contact with Plaintiffs--they have not communicated with them by phone or email, and they personally did not solicit any business from these Ohio residents.  Rather, they are both Illinois residents, and the property they own is located in Florida.  Moreover, these Defendants did not enter into a contract with Plaintiffs.[3]  Assuming that Plaintiffs can prove that Defendants were negligent and/or that these Defendants breached their contracts, the acts occurred in Florida and are controlled by Florida law.  Plaintiffs have failed to allege or make a *prima facie* showing that the contracts, if any, were made in Ohio.  Rather, they would be contracts formed in Florida and controlled by Florida law.

With regard to Siesta 4-Rent, Plaintiffs have not alleged that Siesta 4-Rent's Internet site was anything more than a passive website, which is an insufficient basis for establishing

---

[3] The same analysis is also apparently applicable to Bluemans Affordable Pool Service, which is a Florida company and did not have any contact with Plaintiffs in Ohio, but, as noted, that company has not moved for dismissal.

9

personal jurisdiction in Ohio. It was Plaintiffs who contacted Siesta 4-Rent, a Florida company, in Florida. The only acts Plaintiffs allege to establish jurisdiction are that Logue negotiated the rental contracts during telephone calls from Ohio to Siesta 4-Rent in Florida and that Siesta 4-Rent mailed rental contracts to Ohio that were signed in Ohio. However, the contracts pertained to Florida property. Plaintiffs have not alleged that the contracts were to be construed according to Ohio law or that they were formed in Ohio. Rather, all the available information suggest that the mailing of the contracts was a "one-shot deal." As for any breach or negligence that may have occurred, they occurred in Florida and should be decided according to Florida law.

The Court concludes that there is a lack of personal jurisdiction here.

**B. Venue**

28 U.S.C. § 1391 is the general venue provision for diversity actions. It states the following:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In this case, Ohio is not a proper venue for Plaintiffs' claims. No Defendant resides in Ohio: Walker and McGuire are residents of Illinois, and Siesta 4-Rent and Bluemans Affordable Pool Service are Florida companies. A substantial part of the events giving rise to Plaintiffs' claims did not occur in Ohio. Rather, the events occurred in Florida any breach of contract or

negligent acts performed by Defendants occurred there. Although Plaintiffs signed and mailed two contracts in Ohio, these contract pertained only to one Defendant, Siesta 4-Rent. Moreover, Plaintiffs do not allege that these contracts were formed or controlled by Ohio law. Finally, venue is not proper under § 1391, clause (3) because there is no personal jurisdiction over Defendants here, and it appears that Plaintiffs could obtain personal jurisdiction over Defendants in Florida.

The Court recognizes that Plaintiffs have asked the Court to transfer, rather than dismiss, this case if venue is found lacking. (Doc. # 9, at 7.) But they have not offered any argument as to why a transfer under 28 U.S.C. § 1406(a) would be in the in the interest of justice, and this Court declines to act upon its own speculation. The Court in its discretion therefore concludes that a dismissal under Fed. R. Civ. P. 12(b)(3) is appropriate.

### III. Conclusion

The Court **GRANTS** the motions to dismiss filed by Defendants Lynn Alan Walker (Doc. # 2), Siesta 4-Rent (Doc. # 4), and Frank E. McGuire (Doc. # 6). Accordingly, only Defendant Bluemans Affordable Pool Service remains in this case. That party has not moved for dismissal, and because this Court will not *sua sponte* dismiss on an apparent lack of personal jurisdiction at this juncture, the company remains a potential party to this case. *Cf. Dillon v. Frank*, 952 F.2d 403, 1992 WL 5436, at *3-4 (6th Cir. 1992) (unpublished table decision) (holding that a court should provide a plaintiff notice and an opportunity to respond before acting *sua sponte* on a lack of personal jurisdiction). However, the record does not reflect that Plaintiffs perfected service upon Bluemans Affordable Pool Service within 120 days after filing the Complaint. The Court therefore **ORDERS** Plaintiffs to show good cause for failure of

service within 11 days from the date of this Opinion and Order or the Court shall proceed to dismiss Bluemans Affordable Pool Service pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE